IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION


| | | |
|---|---|---|
| GREGORY G. BYERLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No.  4:18-cv-592 |
| | ) | |
| THE PRUDENTIAL INSURANCE | ) | |
| COMPANY OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |


## COMPLAINT


NOW COMES, Plaintiff, Gregory G. Byerly, and files this Complaint against Defendant, The Prudential Insurance Company of America, and would respectfully show the following to the Court:


## NATURE OF ACTION

1)      This is an action for under the Employment Retirement Income Security Act of 1974, 29 U.S.C. Sec. 1001, *et. seq.* ("ERISA").  It arises from Prudential's refusal to provide benefits it contractually obligated itself to pay under a group "accidental death and dismemberment" insurance policy that it issued and is administrating as a qualifying "employee benefit plan" under ERISA.

## JURISDICTION AND VENUE

2.     This Court's jurisdiction is invoked pursuant to 28 U.S.C. Secs. 1331, 1332, 1367, and 29 U.S.C. Sec. 1132(e)(1) as this is an action for monetary relief pursuant to ERISA .  Venue is proper under 28 U.S.C. Sec. 1391(b)(2) and 29 U.S.C. Sec. 1132(e)(2) as Plaintiff resides in this district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this district.

## PARTIES

3.     Plaintiff, Gregory G. Byerly ("Plaintiff" or "Greg"), is an individual resident and citizen of Collin County, Texas.

4.     Defendant, The Prudential Insurance Company of America ("Prudential"), is a corporation organized under the laws of the State of New Jersey with its principal place of business in the State of New Jersey.  Prudential marketed and sold the insurance policy at issue to employees of Fidelity National Information Services, Inc. ("FIS") within the State of Texas.  Throughout this Complaint, Plaintiff refers to the Prudential policy at issue as the "Plan".

5.     At all relevant times, Plaintiff was an employee of FIS and was and is a "participant" in the Plan with the meaning of 29 U.S.C. Sec. 1002(7).  At all relevant times, Prudential funded the Plan, and Prudential was, and is, a fiduciary responsible for paying benefits and making decisions regarding eligibility for

benefits under the Plan.  Prudential's claims adjusters handled the processing of the claim described in this Complaint.

## FACTUAL BACKGROUND

6.      On or about December 28, 2016, Greg sustained a wound to his left foot in a household accident.  He immediately sought medical treatment. Nevertheless, as a result of the wound, Greg's foot and lower leg developed a bone infection (osteomyelitis).   The infection, which was the direct result of the earlier wound, was life-threatening, and on April 4, 2017, it became necessary for Greg's leg to be amputated below the knee and above the ankle.

7.      On the date of the amputation, the Plan was in full force and effect. The amputation that occurred on April 4, 2017 triggered the accidental dismemberment coverage of the Plan.  Under the terms of the Plan, the benefit payable to Greg is at least one million seventy-six thousand and five hundred dollars ($1,076,500).

8.      Following the amputation, Greg timely processed a claim with Prudential for the accidental dismemberment benefits owed under the Plan.  Greg provided Prudential all requested information and documentation related to the claim.

Complaint - 3

9.      Prudential denied the claim.  The denial stated two grounds for denial:

      a.      an assertion that Greg's diabetes and peripheral vascular disease were the causes of the amputation; and,

      b.      an assertion that despite the fact that Prudential's policy was in full force and effect on the date of loss – April 4, 2017 – the date of the amputation, the loss is not covered because Prudential's policy commenced on January 1, 2017, a few days after the underlying accident.

Both of these claimed grounds for denial are completely without merit and constitute arbitrary and capricious decisions by Prudential.

10.      Neither diabetes or peripheral vascular disease caused the infection or the resulting amputation.  Instead, the infection and the amputation were caused by the accidental wound.  While the Plan excludes losses caused by bacterial infections, the Plan also contains an "exception to the exclusion" which states that an infection causing a loss is not excluded if the infection results "from an accidental cut or wound."  Greg's loss fits precisely within this exception to the exclusion. Prudential's denial letter completely fails to reference or address this exception to the exclusion.  That failure demonstrates the arbitrary and capricious nature of the denial.

11.      Moreover, even setting aside the exception to the exclusion, there is no evidence that diabetes or peripheral vascular disease *caused* the infection.  Whether Greg's existing medical conditions left him more or less able to withstand the infection is not relevant to the interpretation of the Plan.  Greg had lived for with

diabetes and peripheral vascular disease, but it was not until the accident that the infection developed that caused the loss of his lower leg.  Prudential's interpretation of the Plan to the effect that diabetes and peripheral vascular disease *caused* the infection was arbitrary and capricious.

12.     The additional assertion that the loss occurred outside the policy period also is arbitrary and capricious.  The trigger of the coverage – the loss – was the amputation, not the initial wound.  That trigger occurred within the policy period.  Greg had no claim for accidental dismemberment when the initial wound occurred, only when the amputation occurred.  To interpret the Plan to exclude coverage on this basis would render the coverage illusory, certainly an arbitrary and capricious decision.

13.     Following Prudential's initial denial, Greg timely processed an administrative appeal with Prudential.  Greg's appeal specifically pointed out the exception to the exclusion relating to the infection which the initial denial failed to address.  Greg's appeal also noted that the interpretation of the trigger issue asserted by Prudential in the initial denial would render the coverage illusory.  Prudential refused to reconsider its denial, and in so doing, Prudential failed to address either of the arguments Greg made in his appeal.  Instead, Prudential's denial of the appeal was simply a restatement of its initial denial, further evidencing the arbitrary and capricious nature of Prudential denials.

14.     Prudential's arbitrary and capricious decisions in reaching its denial of coverage constituted an abuse of discretion by a Plan fiduciary.

15.     By pursing the claim and the appeals through Prudential's internal claims procedure, Plaintiff has exhausted his administrative remedies, thereby satisfying the prerequisite to bringing this civil action under Sec. 502(a) of ERISA, 29 U.S.C., Sec. 1132(a).

## COUNT ONE
## FAILURE TO PAY BENEFITS DUE UNDER AN ERISA PLAN

16.     ERISA Sec. 502(1)(1)(B), 29 U.S.C. Sec. 1132(a)(1)(B) permits a plan participant or beneficiary to bring a civil action to "recover benefits due [him] under the terms of [his] plan."

17.     As set forth above, the terms of the Plan provide Plaintiff dismemberment coverage of at least one million seventy-six thousand and five hundred dollars ($1,076,500).

18.     Prudential has not paid, and refuses to pay the benefits due to Plaintiff under the Plan.  By denying Plaintiff's claim and by refusing to pay the benefits due under the Plan, and by its related acts and omissions, Prudential has violated, and is continuing to violate, the terms of the Plan and Plaintiff's rights thereunder.

## COUNT TWO
## BREACH OF FIDUCIARY DUTY

19.     ERISA Sec. 502(1)(1)(B), 29 U.S.C. Sec. 1132(a)(1)(B) permits a plan participant or beneficiary to bring a civil action to "(A) enjoin any act or practice which violates any provision of this subchapter of the terms of the plan, or (B) to obtain  other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

20.     Prudential is a claim fiduciary of the Plan because it has discretion to make benefit determinations.  Prudential was acting in its fiduciary capacity when it administered and denied Plaintiff's claim for benefits.

21.     Prudential breached its fiduciary duty to Plaintiff by rendering a claim determination that was in its own financial interest, instead of the interest of its beneficiary, and by ignoring the evidence that demonstrates that Plaintiff lost his leg as a result of the accident, and not as a result of a pre-existing medical condition.

22.     By wrongfully denying Plaintiff's claim, and by withholding the benefits due Plaintiff under the Plan, Prudential has become unjustly enriched by retaining Plan assets and interest earned thereon.

23.     Plaintiff is therefore entitled to an order, issued pursuant to ERISA Sec. 502(a)(3), 29 U.S.C. Sec. 1132(a)(3) compelling Prudential to disgorge all of the

profits it earned on the benefits it wrongfully withheld, or pre-judgment interest, whichever is greater.

## COUNT THREE
## ATTORNEYS FEES

24.     Plaintiff is entitled to recover his reasonable and necessary attorneys fees pursuant to ERISA Sec.  502(g), 29 U.S.C., Sec. 1132(g).

## PRAYER

PREMISES CONSIDERED, Plaintiff prays that this Court grant the following relief:

a)      An order under ERISA Sec. 502(a), 29 U.S.C. Sec. 1132(a)(1) directing Prudential to pay Plaintiff the full amount of benefits that Plaintiff is entitled to recover under the Plan in an amount to be determined by the Court;

b)      An order under ERISA Sec. 502(a), 29 U.S.C. Sec. 1132(a)(3) directing Prudential either to pay pre-judgment interest or to disgorge all profits that it has earned on the benefits that it wrongfully withheld from Plaintiff, whichever is greater;

c)      Reasonable costs and attorney's fees;

d)      Such other relief as the Court deems just.

Respectfully submitted,


___*/s/ Richard L. Arnold*_____
**Richard L. Arnold**
**State Bar No. 01345450**

**Richard Arnold Law**
**100 Crescent Court, 7th Floor**
**Dallas, TX   75201**
**Tel:     214-459-2845**
**Fax:    214-459-3101**
**richard@richardarnoldlaw.com**

**ATTORNEY FOR PLAINTIFF**